# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Reginald C. Howard,

      Plaintiff

v.

Greg Cox, et al.,

      Defendants

Case No.: 2:17-cv-01002-JAD-BNW

**Order Granting in Part and Denying in Part Defendants' Motion for Partial Dismissal and Denying Plaintiff's Motion for Injunctive Relief**

[ECF Nos. 26, 35]

Nevada prisoner Reginald C. Howard brings this pro se civil-rights lawsuit, alleging that various administrators and staff at the Nevada Department of Corrections (NDOC) and its High Desert State Prison (HDSP) and Southern Desert Correctional Center (SDCC) facilities violated his First, Eighth, and Fourteenth Amendment rights.[1]  Howard brings both individual- and official-capacity claims, and he seeks to enjoin the defendants from harassing and retaliating against him for filing this complaint, along with monetary damages and declaratory relief.[2]  He also moves for injunctive relief against nonparties for injuries that he sustained at a different facility.[3]

Defendants now move to dismiss portions of Howard's action and oppose his motion for injunctive relief.  They argue that his claim for money damages against the defendants in their official-capacity is not permissible; that his prayer for injunctive relief is too vague and that his motion for injunctive relief lacks the required connection to the allegations in his complaint; and

---

[1] ECF No. 5 (amended complaint).

[2] *Id.* at 22.

[3] ECF No. 35 (motion for injunctive relief).

that the doctrine of qualified immunity shields Defendants Dzurenda, Gentry, Adams, and Tristan from Howard's free-exercise claim.[4]  Because this court cannot grant injunctive relief against nonparties for unrelated claims, I deny Howard's motion for injunctive relief.  Because Howard can't obtain damages from the defendants in their official capacities, I grant the defendants' motion to dismiss his request for monetary damages.  But I deny their request to dismiss his free-exercise claim without prejudice because the defendants' thin analysis fails to demonstrate that this claim is barred by qualified immunity.

## Background[5]

After two screening orders and an opportunity to amend with instructions, Howard was left with the following claims, all of which are brought against the defendants in their individual and official capacities:

- **Count 1: An Eighth Amendment deliberate-indifference-to-serious-medical-needs claim against Defendants Porter and Sgt. Sanchez** based on their alleged intentional prolonging of Howard's severe leg and back pain;

- **Count 2: An Eighth Amendment deliberate-indifference-to-serious-medical-needs claim against Defendants Groover, Gutierrez, Drs. Sanchez and Vicuna, Willett, Aranas, Clark, Piscos, Dzurenda, Gentry, and Adams** based on their alleged refusal to provide him with in-cell, delivered meals when he couldn't walk to culinary due to physical and medical limitations; and a **First Amendment retaliation claim against Willett and Groover** based on the

---

[4] ECF No. 26 (motion to dismiss).

[5] This is a summary of the facts Howard alleged in his complaint and should not be construed as findings of fact.

allegation that they denied him meals because of his grievances and litigation against them;

- **Count 3: A First Amendment free-exercise-of-religion claim against Defendants Cox, Dzurenda, Gentry, Adams, and Tristan** based on their alleged adoption and implementation of a policy at the SDCC to close the chapel if the resident chaplain is not on site and if there is not an outside volunteer available to conduct services, which Howard claims burdens his exercise of the Islamic faith;

- **Count 4: An Eighth Amendment deliberate-indifference-to-serious-medical-needs claim against Defendants Mesa, Groover, and Willett** based on their alleged forcing of Howard to move his property and walk distances despite knowing that he had a severe back and leg injury requiring him to use crutches; and **an excessive-force claim against Defendant Mesa** for unnecessarily handcuffing him after he'd fallen; and

- **Count 5: An Eighth Amendment deliberate-indifference-to-serious-medical-needs claim and a retaliation claim against Defendant Groover** based on the allegations that he forced Howard to walk 150 yards to culinary, knowing that the travel would be painful, in retaliation for the multiple grievances and civil lawsuit that Howard had filed against Groover.

The defendants move to dismiss Howard's money-damages claims against them in their official capacity, his prayer for injunctive relief, and all of count 3.[6]  Howard opposes the motion.[7]  After

---

[6] ECF No. 26.

[7] ECF No. 27.

the briefing on the motion to dismiss was completed, Howard filed a motion for injunctive relief

regarding a May 31, 2020, incident unrelated to any allegations in his operative complaint.[8]  I

address both motions in turn.

### Discussion

**I.      The defendants' motion to dismiss [ECF No. 26]**

      **A.      Motion-to-dismiss standard**

      Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain

statement of the claim showing that the pleader is entitled to relief."[9]  While Rule 8 does not

require detailed factual allegations, the properly pled claim must contain enough facts to "state a

claim to relief that is plausible on its face."[10]  This "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the

speculative level."[11]  In other words, a complaint must make direct or inferential allegations

about "all the material elements necessary to sustain recovery under *some* viable legal theory."[12]

      District courts employ a two-step approach when evaluating a complaint's sufficiency on

a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual

allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption

of truth.[13]  Mere recitals of a claim's elements, supported by only conclusory statements, are

---

[8] ECF No. 35.

[9] Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Twombly*, 550 U.S. at 570.

[11] *Iqbal*, 556 U.S. at 678.

[12] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[13] *Iqbal*, 556 U.S. at 678–79.

insufficient.[14]  The court must then consider whether the well-pled factual allegations state a

plausible claim for relief.[15]  A claim is facially plausible when the complaint alleges facts that

allow the court to draw a reasonable inference that the defendant is liable for the alleged

misconduct.[16]  A complaint that does not permit the court to infer more than the mere possibility

of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be

dismissed.[17]

   **B.   Section 1983 standard**

   Section 1983 "is not itself a source of substantive rights, but merely provides a method

for vindicating federal rights elsewhere conferred."[18]  To state a claim under § 1983, a plaintiff

must allege that (1) a person acting under the color of state law (2) violated a right secured to the

plaintiff by the Constitution or the laws of the United States.[19]  "A defendant acts under color of

law if he 'exercises power possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law.'"[20]

---

[14] *Id.*

[15] *Id.* at 679.

[16] *Id.*

[17] *Twombly*, 550 U.S. at 570.

[18] *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

[19] *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

[20] *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1100, 1106 (D. Nev. 2011) (quoting *West*, 487 U.S. at 49 (alterations omitted)).

**C.   Howard can't pursue money damages from the defendants in their official capacities.**

The defendants argue that Howard's § 1983 claims against them in their official capacities fail as a matter of law because they are not "persons" for § 1983 liability purposes.[21] "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."[22] Instead, "a suit against a state official in his or her official capacity . . . is a suit against the official's office.  As such, it is no different from a suit against the State itself."[23]  And because the Eleventh Amendment insulates states from suits for damages vis a vis its official actors, that action must be dismissed.[24]  "The rule is entirely different, however, when the suit is for injunctive relief.  Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."[25]

Howard prays for damages and prospective relief from the defendants in their individual and official capacities.  Each of the defendants is an employee of the Nevada Department of Corrections—a state agency—so Howard's official-capacity damages request is "no different

---

[21] ECF No. 26 at 5.

[22] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[23] *Id*. (internal citations omitted).

[24] *Id*. at 67 ("It is an 'established principle of jurisprudence' that the sovereign cannot be sued in its own courts without its consent.") (quoting *Beers v. Arkansas*, 61 U.S. 527, 529 (1858)); *Repass v. Clark Cty. Det. Ctr.*, No. 2:13-cv-00237-APG-GWF, 2014 WL 335040, at *3 (D. Nev. Jan. 29, 2014) ("Official-capacity suits filed against government officials [under § 1983] are merely an alternative way of pleading an action against the entity of which the defendant is an officer.") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

[25] *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1371 (9th Cir. 1992), *as amended* (June 8, 1992) (quoting *Will*, 491 U.S. at 71 n.10) (internal quotation omitted); *see also Paeste v. Gov't of Guam*, 798 F.3d 1228, 1236 (9th Cir. 2015).

than a suit against the State itself"[26] and it is barred by the doctrine of sovereign immunity. Because the defendants in their official capacities are not persons for § 1983 purposes, I must dismiss Howard's request for damages against them in that capacity.  However, Howard's requests for prospective relief against the defendants in their official capacities may proceed.[27]

### D.    Howard's injunctive-relief prayer is sufficiently clear.

The defendants next argue that I should dismiss Howard's request for injunctive relief because the complaint is "so vague that it 'renders itself meaningless and unenforceable.'"[28] "[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement."[29] Federal Rule of Civil Procedure 12(e) provides that, "[a] party may move for a more definite statement of a pleading to which a responsible pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[30]

In my screening order, I found that Howard had stated colorable retaliation claims against Lieutenant Groover, Lieutenant Willett, and Officer Mesa for denying him meals because of his grievances and litigation filed against them.[31]  So Howard's request to enjoin the "defendant[s]

---

[26] *Will*, 491 U.S. at 71.

[27] *Id.* at 71, n.10 ("[O]fficial-capacity actions for prospective relief are not treated as actions against the State.") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), and citing *Ex Parte Young*, 209 U.S. 123, 159–160 (1908)).

[28] ECF No. 26 at 5 (quoting *Stetson v. Washington Dep't. of Corr.*, 2017 WL 2485198 at *6 (W.D. Wash. Apr. 7, 2017) (unpublished)).

[29] *Am. Nurses' Ass'n' v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986) (citing *United States v. Employing Plasterers' Ass'n*, 347 U.S. 186, 189 (1954)); *see* Fed. R. Civ. P. (8)(a).

[30] Fed. R. Civ. P. 12(e).

[31] ECF No. 11 at 12–14.

from harassing and retaliating against [him]"[32] is not "so vague" that it renders his request

unenforceable when considered in the context of the whole complaint.  To the extent that

Howard seeks injunctive relief from Groover, Willett, and Mesa, and should he prevail, the scope

of that injunction can be determined later.  The defendants' motion to dismiss Howard's request

for injunctive relief is denied.

### E.    The defendants have not shown that count 3 is barred by qualified immunity.

Howard's third count is a First Amendment free-exercise-of-religion claim against former

NDOC Directors Greg Cox and James Dzurenda,[33] whom he alleges adopted and refused to

change the policy that keeps him from practicing his religion on most Fridays when a faith leader

is unavailable.[34]  He also claims that Warden J. Gentry, Assistant Warden Adams Minor, and D.

Tristan are liable because they continue to enforce this discriminatory policy.[35]  The defendants

argue that this count should be dismissed on qualified-immunity grounds because inmates don't

have a constitutional right to unsupervised religious practice.[36]

#### 1.    *Qualified-immunity standard*

Qualified immunity protects government officials "from money damages unless a

plaintiff pleads facts showing that (1) the official violated a statutory or constitutional right, and

(2) the right was 'clearly established' at the time of the challenged conduct."[37]  I exercise my

---

[32] ECF No. 5 at 22.

[33] Dzurenda has since been replaced as the NDOC Director by Charles Daniels.

[34] ECF No. 5 at 14–15; ECF No. 11 at 10.

[35] ECF No. 5 at 15.

[36] ECF No. 26 at 7–8; ECF No. 29 at 3.

[37] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

discretion to tackle the "clearly established" prong of the qualified immunity test first.[38] "A court determining whether a right was clearly established looks to the [United States] Supreme Court and Ninth Circuit law existing at the time of the alleged act."[39] "A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right."[40] "[E]xisting precedent must have placed the statutory or constitutional question beyond debate."[41] This means that courts must not "define clearly established law at a high level of generality."[42] "The dispositive question is whether the violative nature of *particular* conduct is clearly established."[43] "This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition."[44]

### 2.   *The defendants overstate the holding in Anderson v. Angelone.*

The defendants rely on the Ninth Circuit's case in *Anderson v. Angelone*[45] for their argument that Howard's right to unsupervised religious practice is not clearly established.[46] But *Anderson* is not as broad as the defendants propose. *Anderson* merely holds that Nevada's

---

[38] *Id.* ("We recently reaffirmed that lower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first.") (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

[39] *Quiroz v. Short*, 85 F. Supp. 3d 1092, 1107 (N.D. Cal. 2015) (quoting *Community House, Inc. v. Bieter*, 623 F.3d 945, 967 (9th Cir. 2010)).

[40] *Carroll v. Carman*, 574 U.S. 13, 16 (2014) (internal quotation marks omitted).

[41] *Id.* (internal quotation marks omitted).

[42] *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (alteration in the original) (quoting *Ashcroft*, 563 U.S. at 742).

[43] *Id.* (internal quotation marks omitted) (emphasis in original).

[44] *Id.*

[45] *Anderson v. Angelone*, 123 F.3d 1197, 1198–99 (9th Cir. 1997).

[46] ECF No. 26 at 11.

1 prohibition on inmate-led religious services does not violate the First Amendment.[47]  But

2 Howard is neither requesting to lead his own Friday service nor challenging the jail's policy of

3 using resident chaplains or volunteer leaders, so *Anderson* is not dispositive.  In considering

4 whether such a challenged policy is reasonable, courts consider whether it is reasonably related

5 to legitimate penological interests, rehabilitative concerns, the availability of alternative

6 accommodations, and any adverse effects on the prison institution.[48]  But the defendants have

7 not discussed any of these factors.[49]  So I deny the motion to dismiss this claim without prejudice

8 to defendants' ability to raise the qualified-immunity argument in a future, appropriate motion

9 with a more robust treatment of this issue.

10 **II.     Howard's motion for injunctive relief [ECF No. 35]**

11        Howard asks for injunctive relief from this court or the Attorney General's Office to help

12 him with respect to a May 31, 2020, assault by an unidentified inmate whom he was housed with

13 in the mental-health unit.[50]  A preliminary injunction is only appropriate when it grants relief of

14 the same nature as that to be finally granted,[51] so the Ninth Circuit requires "a relationship

15 between the injury claimed in the motion for injunctive relief and the conduct asserted in the

16 underlying complaint."[52]  Absent that nexus, "[a] district court lacks authority to grant the relief

17 requested."[53]

18

---

19 [47] *Anderson*, 123 F.3d at 1198–99.

20 [48] *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348–353 (1987) (discussing the relevant factors in considering whether a potential method of accommodation is reasonable).

21 [49] *Id.*

[50] ECF No. 35 at 1.

22 [51] *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

23 [52] *Id.*

[53] *Id.*

In addition to being extremely vague about what injunctive relief he desires, Howard's request lacks the required nexus to his complaint.  Howard's complaint alleges multiple claims against various staff at the HDSP, SDCC, and NDOC.[54]  However, his motion for injunctive relief concerns an unidentified inmate at Ely State Prison.[55]  Because Howard has not shown that a relationship exists between his alleged injury at Ely State Prison and his claims in the underlying complaint, his motion must be denied.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss **[ECF No. 26] is GRANTED in part and DENIED in part.  Howard's official-capacity, monetary-damages claims are dismissed; the motion is denied in all other respects.**

IT IS FURTHER ORDERED that plaintiff's motion for injunctive relief **[ECF No. 35] is DENIED**.

Dated: July 2, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[54] ECF No. 5.

[55] *Id.*